UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOLENE E. SWAN,                    )
                                   )   No. CV-10-00444-CI
            Plaintiff,             )
                                   )   ORDER GRANTING DEFENDANT'S
v.                                 )   MOTION FOR SUMMARY JUDGMENT
                                   )
MICHAEL J. ASTRUE, Commissioner    )
of Social Security,                )
                                   )
            Defendant.             )
                                   )

BEFORE THE COURT are cross-motions for summary judgment. (ECF No. 16, 21.) Attorney Lora Lee Stover represents Jolene E. Swan (Plaintiff); Special Assistant United States Attorney Kathyrn A. Miller represents the Commissioner of Social Security (Defendant). The parties did not consent to disposition by a magistrate judge. After reviewing the administrative record and the briefs filed by the parties, the undersigned grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

## JURISDICTION

On January 24, 2007, Plaintiff protectively filed a Title XVI application for supplemental security income, alleging her disability began December 15, 1992. (TR. 18; 148.) She alleged disability due to depression, post-traumatic stress disorder, borderline intellectual functioning, alcohol and cocaine dependence. (Tr. 151.) Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

administrative law judge (ALJ).  (Tr. 72-120.)  A hearing was held on February 25, 2009, at which Vocational Expert Frederick Cutler, and Plaintiff, who was represented by counsel, testified.  (Tr. 31-68.)  ALJ R.S. Chester presided.  (Tr. 31.)  The ALJ denied benefits on March 11, 2009.  (Tr. 18-27.)  The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.  At the time of the hearing, Plaintiff was 45 years old and participated via telephone, because she was incarcerated as a result of an assault conviction. (Tr. 36.)  Prior to her incarceration, Plaintiff was homeless and stayed "here and there."  (Tr. 44.)  She has grown children.  (Tr. 251; 286.)  Plaintiff has a seventh grade education and briefly worked as a housekeeper and a nurse's aide.  (Tr. 45; 57.) Plaintiff reported that as a child she was sexually molested and she began drinking alcohol at age seven.  (Tr. 251.)  By age 26, Plaintiff's daily habits included smoking two packs of cigarettes, drinking twelve beers and using crack cocaine.  (Tr. 234; 251.) Sometime around 2004, Plaintiff was beaten and raped by three men. (Tr. 251.)  Following the attack, Plaintiff reported that she often had nightmares, and she was fearful she was constantly being followed by someone who wanted to harm her. (Tr. 253.)  Plaintiff has been hospitalized on three occasions after suicide attempts. (Tr. 251.)  At the hearing, Plaintiff testified that she feels paranoid, as if people are going to hurt her.  (Tr. 49.)

Plaintiff estimates she has been arrested approximately 50 times for charges related to prostitution, assault, and illicit

drugs.  (Tr. 251.)  Plaintiff reported she had stopped using cocaine and alcohol in 2006.  (Tr. 251.)  At the hearing, Plaintiff testified that her knees and lower back hurt and as a result, she cannot bend at the waist, nor can she stand or sit for long periods. (Tr. 41-43.)  She has been diagnosed with (1) major depressive disorder, recurrent; (2) post-traumatic stress disorder, chronic; (3) alcohol dependence, early full remission; (4) cocaine dependence, early full remission; (5) personality disorder, nos, avoidant and paranoid features; and (6) borderline intellectual functioning.  (Tr. 253.)

ADMINISTRATIVE DECISION

At step one, ALJ Chester found Plaintiff had not engaged in substantial gainful activity since January 24, 2007, the application date.  (Tr. 20.) At step two, he found Plaintiff had the following severe impairments: major depressive disorder, post-traumatic stress disorder, polysubstance dependence, personality disorder, borderline intellectual functioning, and degenerative disk disease of the lumbar spine.  (Tr. 20.)  At step three, the ALJ determined Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).  (Tr. 21.)  In his step four findings, the ALJ found Plaintiff's statements regarding pain and limitations were not credible to the extent they were inconsistent with the Residual Functional Capacity ("RFC") findings.  (Tr. 24.)  He found that Plaintiff retained the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c), except Plaintiff can only occasionally climb ropes, ladders, or scaffolds, and she should avoid concentrated exposure to fumes,

odors, dusts, gases, and poor ventilation.  (Tr. 23.)  The ALJ also found that Plaintiff "is able to do simple repetitive tasks, and she should only have superficial contact with coworkers and the public." (Tr. 23.)    ALJ Chester concluded that jobs exist in significant numbers in the national economy that Plaintiff can perform, such as housekeeper/cleaner, bakery worker, agricultural sorter and hand packer. (Tr. 26.)

### STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo. Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

1    Nevertheless, a decision supported by substantial evidence will
2    still be set aside if the proper legal standards were not applied in
3    weighing the evidence and making the decision. *Brawner v. Secretary*
4    *of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If
5    substantial evidence exists to support the administrative findings,
6    or if conflicting evidence exists that will support a finding of
7    either   disability   or   non-disability,   the   Commissioner's
8    determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-
9    1230 (9th Cir. 1987).

10                        **SEQUENTIAL PROCESS**
11       The  Commissioner  has  established  a  five-step  sequential
12   evaluation process for determining whether a person is disabled.  20
13   C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S.
14   137, 140-42 (1987).  In steps one through four, the burden of proof
15   rests  upon  the  claimant  to  establish  a  prima  facie  case  of
16   entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-99.
17   This burden is met once a claimant establishes that a physical or
18   mental  impairment  prevents  him  from  engaging  in  his  previous
19   occupation.   20  C.F.R.  §§  404.1520(a)(4),  416.920(a)(4).   If  a
20   claimant cannot do his past relevant work, the ALJ proceeds to step
21   five, and the burden shifts to the Commissioner to show that (1) the
22   claimant can make an adjustment to other work; and (2) specific jobs
23   exist in the national economy which claimant can perform.  *Batson v.*
24   *Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004).
25   If  a  claimant  cannot  make  an  adjustment  to  other  work  in  the
26   national  economy,  a  finding  of  "disabled"  is  made.  20  C.F.R.  §§
27   404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

1                               **ISSUES**

2          Plaintiff contends that the ALJ erred in failing to find her

3     disabled.  Specifically, Plaintiff contends that the ALJ erred  (1)

4     in assessing Plaintiff's credibility; (2) in weighing the medical

5     opinions;   (3) by failing to find Plaintiff's knee condition was

6     severe; (4) by failing to obtain testimony from a medical expert;

7     and (5)  in assessing Plaintiff's RFC.   (ECF No. 17 at 10.)

8     Defendant contends the ALJ's decision is supported by substantial

9     evidence and free of legal error.  (ECF No. 22.)

10                             **DISCUSSION**

11    **A.   Plaintiff's credibility.**

12         Plaintiff asserts that the ALJ erred by finding her not

13    credible. (ECF No. 17 at 16.)  Questions of credibility are solely

14    within the control of the ALJ.  See *Sample v. Schweiker*, 694 F.2d

15    639, 642 (9th Cir. 1982).  The Court should not "second-guess" this

16    credibility determination.  *Allen*, 749 F.2d at 580.   In addition,

17    the Court may not reverse a credibility determination where that

18    determination is based on contradictory or ambiguous evidence.  *See*

19    *Allen*, 749 F.2d at 579.

20         For the ALJ to reject the claimant's complaints, the ALJ must

21    provide "specific, cogent reasons for the disbelief." *Rashad v.*

22    *Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant

23    produces medical evidence of an underlying impairment, the ALJ may

24    not discredit the claimant's testimony as to subjective symptoms

25    merely because they are unsupported by objective evidence. *Bunnell*

26    *v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991); see also *Cotton v.*

27    *Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a

28    matter of law to discredit excess pain testimony solely on the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

ground that it is not fully corroborated by objective medical findings"). Unless affirmative evidence exists that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; see also *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *See id.* The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

In this case, the ALJ cited several specific and cogent reasons supported by substantial evidence that justify discounting Plaintiff's credibility. Initially, the ALJ noted Plaintiff's test results indicated possible malingering. (Tr. 24; 252.) For example, during Plaintiff's evaluation by Victoria Carroll, M.S. (candidate), and W. Scott Mabee, Ph.D., in November 2006, Plaintiff's test results from the MMPI-2 were deemed invalid, possibly attributable to random reporting, overreporting of symptoms or because Plaintiff was experiencing a high level of psychological

distress. (Tr. 252.)   If the evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen,* 749 F.2d at 579.   The evidence supports the ALJ's interpretation that Plaintiff's test results indicate she was malingering, and as such, this is a specific and cogent reason to discount Plaintiff's credibility.

Additionally, as the ALJ found, Plaintiff claimed her pain in her knee was severe, but when she was examined on September 20, 2007, by A. Peter Weir, M.D., she failed to mention her knee as a problem and instead, merely indicated she had low back pain.   (Tr. 24; 280.)   A strong indicator of credibility is the consistency of the individual's own statements made in connection with the claim for disability benefits and statements made to medical professionals.   S.S.R. 96-7p.   Moreover, the objective medical evidence from that examination did not support Plaintiff's complaints:  Dr. Weir noted that Plaintiff's gait was unremarkable, she ambulated with no difficulty and her knee joints flexion was at 150 degrees bilaterally. (Tr. 281-82.)   In general, Dr. Weir concluded Plaintiff's "[s]ubjective complaints of pain are out of proportion to objective findings."[1]   (Tr. 283.)   The inconsistency

_____

[1]The court notes that the record reveals Plaintiff's September 18, 2009, knee x-rays reveal Plaintiff has "mild arthritis on the right knee with a small amount of fluid in that joint." (Tr. 382.) The x-rays also reveal that the left knee has changes that suggest an old injury to a ligament that would be best managed with an anti-inflammatory. (Tr. 382.) Plaintiff's x-rays were taken nearly six

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

between plaintiff's claims about her limitations and the medical opinions based on the objective evidence is reasonably considered by the ALJ in determining credibility. Based on the foregoing, the ALJ adequately considered plaintiff's testimony and complaints of pain and gave specific and cogent reasons supported by substantial evidence for rejecting those complaints. As a result, the ALJ did not err in finding plaintiff less than credible.

**B.   Medical Opinions**

Plaintiff contends that the ALJ improperly weighed the medical opinion evidence. (ECF No. 17 at 13.) In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight should be given to the opinion of a treating physician than to the opinions of non-treating physicians. *Id.* Where a treating physician's opinion is not contradicted by another physician, it may be rejected only

---

months after the ALJ's decision. (Tr. 27.) The Appeals Council shall consider "new and material" evidence only if such evidence relates to the period on or before the date of the ALJ's decision. See 20 C.F.R. § 404.970; *Bates v. Sullivan*, 894 F.2d 1059, 1064 (9th Cir. 1990), overruled on other grounds, *Bunnell*, 947 F.2d at 342. Because these records reflect Plaintiff's condition after the ALJ's decision, the September 2009 records are not considered in the court's review.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

for "clear and convincing" reasons, and where it is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record. *Lester*, 81 F.3d at 830.   An examining physician's opinion generally must be given greater weight than that of a non-examining physician. *Id.* at 830. As with a treating physician, there must be clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician, and specific and legitimate reasons, supported by substantial evidence in the record, for rejecting an examining physician's contradicted opinion. *Id.* at 830-31.

Plaintiff argues that the ALJ erred by giving little weight to the DSHS consultative evaluations completed on check-the-box forms because the forms were accompanied by narrative reports.[2]   (ECF No. 17 at 13.)   The ALJ gave two reasons for giving little weight to the DSHS evaluators:   the assessments were primarily based upon Plaintiff's statements that were not credible, and the assessments were completed on check-the-box forms that contained DSHS definitions and purposes that are different from those definitions and purposes of the SSA. (TR. 25.)   The ALJ also stated he gave

--------

[2]The court notes that Plaintiff relies in part upon the July 27, 2009, assessment by Kayleen Islam-Zwart, Ph.D., to support her argument that Plaintiff's impairments were disabling.   (ECF No. 17 at 9-10.)   However, Plaintiff fails to acknowledge that Dr. Islam-Zwart's assessment occurred well after the ALJ issued his opinion, and is indicative of Plaintiff's condition after the relevant period.   As a result, this  assessment is not material to the court's review. *Bates*, 894 F.2d at 1064.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

little weight to the two evaluations from Dr. Mabee because the first was completed just after Plaintiff completed substance dependency treatment, and because the second was conducted when Plaintiff was not taking her prescribed medication. (Tr. 25.)

The ALJ's reasons for giving little weight to the DSHS evaluations are legally sufficient and supported by substantial evidence. An ALJ may reject a physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been properly discounted as incredible. *Morgan*, 169 F.3d at 602 (citing *Fair,* 885 F.2d at 605. A review of the DSHS assessments related to Plaintiff's condition prior to the ALJ's 2009 decision reveal that the medical evaluations were based primarily upon Plaintiff's self-reporting. For example, the November 21, 2006, and the October 1, 2007, assessments by Victoria Carroll, MS (candidate), and approved by W. Scott Mabee, Ph.D., were conducted without reviewing any of Plaintiff's medical records. (Tr. 250; 285.) The August 28, 2001, assessment by Debra D. Brown, Ph.D., references no medical records and also appears to be based primarily upon Plaintiff's self-reporting. (Tr. 205-08.) Because these examinations were conducted without the benefit of reviewing Plaintiff's medical records and were based primarily upon Plaintiff's unreliable reporting, the opinions from these exams are entitled to little weight.

The ALJ also gave little weight to the DSHS evaluations because the opinions were provided on check-the-box forms that contained different definitions and ratings for the impairment levels. (Tr. 25.) An ALJ may properly reject a physician's opinion that is conclusory and unsupported by clinical findings, particularly check-the-box style forms. See *Batson*, 359 F.3d at 1195 (holding

1  that the ALJ did not err in giving minimal evidentiary weight to the
2  opinions of the plaintiff's treating physician where the opinion was
3  in the form of a checklist, did not have supportive objective
4  evidence, was contradicted by other statements and assessments of
5  the plaintiff's medical condition, and was based on the plaintiff's
6  subjective descriptions of pain).

7       As Plaintiff points out, the physicians provided narrative
8  reports along with the checked-box forms, but this does not require
9  the ALJ to give great weight to the assessments.   In fact, the
10 narratives that accompanied the evaluations provide support for the
11 ALJ's determination.   The narrative accompanying the 2001 report
12 from Debra D. Brown, Ph.D., recommended that prior to pursuing an
13 SSI track, Plaintiff should undergo a chemical dependency
14 evaluation. (Tr. 208.)  The effect of drug and alcohol addiction on
15 the Plaintiff's symptoms is an appropriate factor to consider in
16 determining the weight to afford a medical opinion.   See, *Ball v.*
17 *Massanari*, 254 F. 3d 817, 822-823 (9th Cir. 2001).   The Social
18 Security Act bars payment of benefits when drug addiction and/or
19 alcoholism is a contributing factor material to a disability claim.
20 42 U.S.C. §§ 423 (d)(2)(C) and 1382(a)(3)(J); *Sousa v. Callahan,* 143
21 F. 3d 1240, 1245 (9th Cir. 1998).   Similarly, the ALJ gave little
22 weight to Dr. Mabee's 2006 opinion because the exam was performed
23 when Plaintiff had just finished substance dependency treatment, and
24 reviewing physician John McRae, Ph.D., opined that at that time,
25 Plaintiff was likely still experiencing limitations from her
26 recovery.   (Tr. 25; 261.)   Dr. McRae also pointed out that
27 Plaintiff's current memory and concentration had not been evaluated.
28 (Tr. 261.) Because the effect of drug and alcohol addiction is a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

material factor to determining Plaintiff's limitations, the ALJ did
not err by giving little weight to the evaluations that failed to
take into account the effects of Plaintiff's addiction and
treatment.

Additionally, the ALJ noted that at the time of Dr. Mabee's
second evaluation in 2007, Plaintiff had not been using her
medication for over a month, and she was experiencing depression and
paranoia that was absent when she was regularly medicated. (Tr.
25.)   The 2007 assessment from Ms. Carroll and Dr. Mabee note
Plaintiff admitted she had recently run out of medication, and she
acknowledged that her depression and paranoia had significantly
increased. (Tr. 288.)  Ms. Caroll opined: "[i]t is essential that
she begin taking her medications on a regular basis."  (Tr. 288.)
If an impairment can be controlled effectively with treatment, it is
not disabling for social security purposes.  See *Warre v. Comm'r of
Social Security Administration*, 439 F.3d 1001, 1006 (9th Cir. 2006).
Thus, because these opinions were based upon Plaintiff's functioning
when she was not medicated, the ALJ properly gave little weight to
the assessments.  See *Warre*, 439 F.3d at 1006.  In sum, the ALJ
provided legally sufficient reasons for giving little weight to the
DSHS consultative evaluations.

**C.   Remaining issues**

Plaintiff identifies three additional issues: (a) the ALJ
"ignored the objective evidence of physical abnormalities of her
knees and back" and contends her orthopedic impairments meet the
twelve-month duration requirement and limit her to sedentary
employment (ECF No. 17 at 15); (b) the ALJ failed to "fully and
fairly develop and evaluate the evidence" by failing to call a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

1  medical expert to testify about Plaintiff's mental and physical

2  impairments (ECF No. 17 at 12-13); and (c) the ALJ's determination

3  of her RFC was in error because Plaintiff's mental impairments

4  prohibited her from sustaining employment. (ECF No. 17 at 16.)  For

5  each issue, Plaintiff failed to provide specific argument in her

6  briefing.  She neither cites to evidence or legal authority, nor

7  explains specifically how and why the ALJ erred.    The court

8  ordinarily will not consider matters on appeal that are not

9  specifically and distinctly argued in an appellant's opening brief.

10  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2

11  (9th Cir. 2008).    The Ninth Circuit explained the necessity for

12  providing specific argument:

13          The art of advocacy is not one of mystery. Our adversarial
            system relies on the advocates to inform the discussion
14          and raise the issues to the court. Particularly on appeal,
            we have held firm against considering arguments that are
15          not briefed. But the term "brief" in the appellate context
            does not mean opaque nor is it an exercise in issue
16          spotting. However much we may importune lawyers to be
            brief and to get to the point, we have never suggested
17          that they skip the substance of their argument in order to
            do so. It is no accident that the Federal Rules of
18          Appellate Procedure require the opening brief to contain
            the "appellant's contentions and the reasons for them,
19          with citations to the authorities and parts of the record
            on which the appellant relies." FED. R. APP. P.
20          28(a)(9)(A).  We require contentions to be accompanied by
            reasons.
21

22  *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir.

23  2003).  Moreover, the Ninth Circuit has repeatedly admonished that

24  the court will not "manufacture arguments for an appellant" and

25  therefore will not consider claims that were not actually argued in

26  appellant's opening brief.  *Greenwood v. Fed. Aviation Admin.*, 28

27  F.3d 971, 977 (9th Cir. 1994).  Because Plaintiff failed to provide

28  adequate briefing, the court declines to consider the remaining

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

issues.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error.    Accordingly,

**IT IS ORDERED:**

1.    Defendant's Motion for Summary Judgment **(ECF No. 21)** is **GRANTED.**

2.    Plaintiff's Motion for Summary Judgment **(ECF No. 16)** is **DENIED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **DEFENDANT** and the file shall be **CLOSED.**

DATED September 18, 2012

ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15